# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## COURT FILE NO.:

Gila Roth,
    Plaintiff

v.

Kohl's Department Stores, Inc.,
    Defendant

_____

## COMPLAINT AND JURY DEMAND
_____

## NATURE OF ACTION

1.    Plaintiff Gila Roth ("Plaintiff") brings this action against Defendant Kohl's Department Stores, Inc. ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION, STANDING, AND VENUE

2.    This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4.    Plaintiff's allegation that Defendant violated the TCPA confers Article III standing. *See LaVigne v. First Cmty. Bancshares, Inc.*, 215 F. Supp. 3d 1138, 1147

(D.N.M. 2016) ("[A] violation of the TCPA constitutes a 'concrete' harm for an Article III injury-in-fact requirement.").

## THE TELEPHONE CONSUMER PROTECTION ACT

5.  Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

6.  In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S. Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7.  The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

8.  The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

9.  Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel.*

*Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

10. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of Colorado, County of Larimer, and City of Fort Collins.

12. Defendant is a for-profit corporation authorized to do business in the state of Colorado.

## FACTUAL ALLEGATIONS

13. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number (ending -0347) in connection with such subscription.

14. Sometime prior to February 2019, Defendant began frequently calling Plaintiff's wireless number.

15. To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, Plaintiff revoked such consent, in a phone call at 8:50 a.m. MT on February 6, 2019, by demanding that Defendant stop calling her.

16. Despite Plaintiff's demand, Defendant has placed calls to Plaintiff's wireless number on at least 30 occasions.

17. During at least 10 of these calls, Defendant delivered a voicemail message to Plaintiff's wireless number using an artificial or prerecorded voice.

18. Upon information and belief, Defendant made all of the aforementioned calls to Plaintiff's wireless number using an automatic telephone dialing system, and/or an artificial or prerecorded voice.

19. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

20. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

21. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

22. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system, and/or an artificial or prerecorded voice to place each of the calls identified above.

23. Upon information and belief, Defendant intended to use an automatic telephone dialing system, and/or an artificial or prerecorded voice to place each of the calls identified above.

24. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

25. Plaintiff repeats and re-alleges each factual allegation above.

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's wireless number using an automatic telephone dialing system, and/or an artificial or prerecorded voice

27. Defendant's violations were willful and/or knowing in that Defendant placed calls to Plaintiff's wireless number using an automatic telephone dialing system, and/or an artificial or prerecorded voice after Plaintiff told Defendant to stop calling her.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 27, 2019

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@ThompsonConsumerLaw.com

s/David N. McDevitt
David N. McDevitt
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 845-5969
Facsimile: (866) 317-2674
dmcdevitt@ThompsonConsumerLaw.com

Attorneys for Plaintiff